Filed 1/8/25; Certified for Publication 2/6/25 (order attached)


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| CAESAR ELMI, | |
| Plaintiff and Appellant, | G062788 |
| v. | (Super. Ct. No. 30-2019-01105181) |
| RELATED MANAGEMENT COMPANY, L.P., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Linda S. Marks, Judge. Reversed.

Litigation Advocacy Group, Glenn A. Murphy; and Brendan Patrick Maloney for Plaintiff and Appellant.

Goodkin Law Group, Daniel L. Goodkin, and Michael A. Shakouri for Defendant and Respondent.

*       *       *

After plaintiff Caesar Elmi rejected a settlement offer made by defendant Related Management Company, L.P. (Related) pursuant to Code of Civil Procedure[1] section 998, the case was resolved for less than the amount Related offered. Consequently, in accordance with section 998, subdivision (c)(1), Elmi's award of prejudgment costs and attorney fees were limited to those incurred before Related's offer. On appeal, we affirmed the trial court's determination that Related's offer was worth more than the case resolved for, and concluded the court did not err in limiting Elmi's costs and fees. (*Elmi v. Related Management Company, L.P.*, (Sept. 25, 2023, G061379) [nonpub. opn.].)

Following entry of the judgment, Elmi filed a second motion, seeking an award of $10,861 in additional fees and $212.91 in additional costs, which he incurred in efforts to enforce the judgment. Although Related filed no opposition to the motion, the court denied it, reasoning that "[p]laintiff is not entitled to any fees or costs after April 28, 2021, when [d]efendant served it's 998 offer."

Elmi appeals that denial, arguing the court erred because section 998 applies only to prejudgment costs and fees. We agree and therefore reverse.

Postjudgment costs incurred in connection with efforts to enforce the judgment are not governed by section 998. Related's arguments on the

---

[1] All further statutory references are to this code.

merits of Elmi's motion are forfeited because it did not file an opposition or otherwise raise those points in the trial court.

We consequently remand the motion to the trial court with directions to reconsider it on the merits.

DISCUSSION

Code of Civil Procedure section 998 specifically governs "costs allowed under Sections 1031 and 1032" which "shall be withheld or augmented as provided in this section." (§ 998, subd. (a).) Those statutes govern prejudgment costs, including attorney fees, that can be recovered as part of the judgment. (See §1034, subd. (a) ["Prejudgment costs allowable under this chapter shall be claimed and contested in accordance with rules adopted by the Judicial Council"].)

As explained by our Supreme Court in *Conservatorship of McQueen* (2014) 59 Cal.4th 602, postjudgment costs and fees are distinct from prejudgment costs and fees, and they are governed by different laws. "The statutes and rules distinctly address three different types of costs and fees: *prejudgment* costs, including attorney fees where authorized by contract, statute or law (§ 1033.5, subd. (a)(10)), are recovered through procedures established under section 1034, subdivision (a) and [California Rules of Court,] rules 3.1700 and 3.1702(b); *appellate* costs and fees are recovered under section 1034, subdivision (b) and [California Rules of Court,] rules 3.1702(c) and 8.2787; and postjudgment *enforcement* costs and fees are recovered under the Enforcement of Judgments Law, specifically sections 685.040 to 685.095." (*McQueen*, at p. 608, fns. omitted.)

It is section 685.040, rather than sections 1031 or 1032, which authorizes an award of fees and costs to a judgment creditor: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a

3

judgment. . . . Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." (§ 685.040.)

Because postjudgment costs and fees are not recovered under sections 1031 and 1032, they are unaffected by a settlement reached pursuant to section 998. Related's brief on appeal does not contend otherwise. After suggesting that the trial court's order should be affirmed because it "relied on" the earlier ruling that we affirmed on appeal, Related devotes the bulk of its brief to arguing the merits of Elmi's fee request. Specifically, Related contends the postjudgment fees Elmi incurred were neither necessary nor reasonable, and thus his motion should be denied (or the amount significantly reduced) on that basis.

Those arguments are forfeited, however, because Related did not raise them below. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 ["'issues not raised in the trial court cannot be raised for the first time on appeal'"].)

We consequently reverse the trial court's order denying Elmi's motion for postjudgment fees and costs; we remand the case back to the court with directions to consider the motion on the merits.

DISPOSITION

The order is reversed, and the case is remanded to the trial court with instructions to decide whether and to what extent Elmi is entitled to

recover the fees and costs requested in the motion. Elmi is entitled to recover his costs on appeal.


GOETHALS, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| CAESAR ELMI, | |
| Plaintiff and Appellant, | G062788 |
| v. | (Super. Ct. No. 30-2019-01105181) |
| RELATED MANAGEMENT COMPANY, L.P., | O R D E R |
| Defendant and Respondent. | |

Appellant has requested that our opinion filed on January 8, 2025, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.

GOETHALS, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.